# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GISELLE M. GAGO COLON,**

       **Plaintiff,**

**-vs-**                                                             Case No. 6:11-cv-406-Orl-31DAB

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for a period of disability, disability insurance benefits, and Supplemental Security Income. For the reasons set forth herein, it is respectfully recommended that the decision of the Commissioner be **AFFIRMED**.

# Procedural History

This case presents with a lengthy history. Plaintiff filed an application for a period of disability and for disability insurance benefits on April 13, 2001, asserting an onset date of April 1, 2001 (R. 46-49). On May 17, 2001, Plaintiff protectively filed a claim for Supplemental Security Income (R. 18, 240-45). Both applications were administratively denied (R. 25-28, 229-39). Plaintiff requested and received an administrative hearing, held on March 13, 2003 (R. 252) and the Administrative Law Judge ("the ALJ") issued an Unfavorable Notice of Decision dated April 15, 2003 (R. 15). Plaintiff filed a request for review, which was denied by the Appeals Council (R. 12, 5-9). Plaintiff filed for review in this court, and on October 3, 2005, the undersigned remanded the case to the Commissioner for further consideration (R. 322-334). *See* Case No. 6:04-cv-1485-DAB.

On April 19, 2006, another hearing was held before the ALJ (R.454-495). In a decision dated May 8, 2006, the ALJ found Plaintiff not disabled (R. 437-450). Plaintiff requested review of that decision and on September 24, 2008, the Appeals Council remanded this case to a different ALJ (R. 502-506). A third administrative hearing was held on February 19, 2009 (R. 555-589). In a hearing decision dated March 23, 2009, the ALJ found Plaintiff not disabled (R. 306-315). The Appeals Council considered and addressed Plaintiff's written exceptions, but declined to assume jurisdiction, making the ALJ's March 23, 2009 decision the final decision of the Commissioner (R. 291-292). This action followed. As the parties have briefed the issues, the ALJ's final hearing decision is ripe for review under §§ 205(g), 1631 of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).

## **Nature of Claimed Disability**

Plaintiff alleges disability beginning on July 1, 2001, due to back, shoulder, and neck pain, headaches, fatigue, heel spurs, and obesity (R. 60, 566-576).

*Summary of Evidence Before the ALJ*

Plaintiff was born in 1971 (R. 255), obtained a ninth grade education, and has past relevant work experience as a factory worker/assembler and retail clerk/cashier (R. 258, 583).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of treating providers within the pertinent time period, the record includes the opinions of non-examining state agency consultants, the forms and reports completed by Plaintiff with respect to this claim, as well as the testimony of Plaintiff at the hearings and the testimony of a Vocational Expert ("the VE"). By way of summary, the ALJ found Plaintiff had the "severe" impairments of degenerative disc disease of the lumbar spine, right shoulder impingement syndrome and degenerative joint disease of the shoulder, diabetes mellitus, hypertension and obesity (R. 312), and the medical evidence supports this uncontested finding. The ALJ

-2-

determined that Plaintiff's impairments did not meet or medically equal one of the impairments listed in the Listing of Impairments ("the Listings"), 20 C.F.R. pt. 404, subpt. P, app. 1, and determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work (R. 312). Relying on the testimony of the VE, the ALJ determined that Plaintiff could return to her past relevant work as a factory worker, assembler, and retail clerk/cashier; therefore, the ALJ found Plaintiff not disabled through the date of the decision (R. 315).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three assignments of error: 1) the ALJ failed to apply the correct legal standards in evaluating the opinion of the treating physician and the state agency consultants; 2) the finding that Plaintiff could perform her past relevant work is not supported by substantial evidence and is not based on the correct legal standards; and 3) the appropriate remedy is to remand for an award of benefits.

*The Sequential Evaluation*

The Court considers Plaintiff's objections in the context of the sequential evaluation used by the Commissioner. The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ determined at Step 4 that Plaintiff had the RFC to return to her past relevant work and was therefore not disabled. Thus, at all relevant times, Plaintiff had the burden of persuasion in this matter.

*Treating Physicians*

Plaintiff first objects to the weight given to the opinion of her treating physician, Dr. Greenspoon. Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.

20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

As summarized by this Court previously, Plaintiff presented to orthopedist Jeffrey Greenspoon, M.D., on September 18, 2002, for evaluation of a right shoulder injury (R. 204-220). On examination, Plaintiff's right shoulder was positive for pain and tenderness, with a positive impingement sign (R. 218). Based upon examination and a review of the diagnostic studies, Plaintiff was assessed with rotator cuff impingement syndrome, and osteoarthrosis, local, AC joint right. Surgery was recommended (R. 214-218).

On October 29, 2002, Plaintiff underwent a right shoulder arthroscopy with subacromial decompression and partial arthroscopic assisted distal clavicle resection (R. 212). Plaintiff was excused from any work duties post operatively, until November 18, 2002, and could then return to light duty, with restrictions of no lifting, reaching above shoulders, pushing/pulling, or overhead lifting (R. 208). These restrictions continued on return visit on December 2, 2002 (R. 207).

On January 6, 2003, mild improvement was noted, with Plaintiff complaining of AC joint pain and clicking (R. 205). Treatment prescribed was non-steroidal anti-inflammatories, reassurance and rest, and Plaintiff was placed on restrictions of maximum lifting of five pounds, and no reaching above the shoulders, pushing/pulling, or overhead lifting (R. 204). It was noted that Plaintiff was not at maximum medical improvement, and Plaintiff was to return in four weeks. No subsequent records from this physician were provided.

In his decision, the ALJ summarized the treatment records and Dr. Greenspoon's opinion, noting:

> In an office visit note dated January 6, 2003, Dr. Greenspoon indicated the claimant could lift up to five pounds and she should not reach above shoulders, push, pull or lift overhead (Exhibit 13F, page 1). This opinion was given a little over two months after the claimant's surgery. While it may have been an accurate description of her restrictions at that time, while she was recovering, these restrictions did not last 12 months. The undersigned notes that the progress note that contains these restrictions also states she was not at "MMI" (maximum medical improvement). It is reasonable to conclude that she continued to improve after that date.

(R. 313).

Plaintiff contends that "Dr. Greenspoon's opinion is supported by substantial evidence, and good cause does not exist for rejecting it." The Court finds, however, that the ALJ did not reject it, but found the opinion to be "an accurate description of her restrictions at that time. . .but these restrictions did not last 12 months." This conclusion by the ALJ is supported by substantial evidence.

As noted by the Commissioner, although Plaintiff complained of right shoulder pain in February 2003, her x-ray was "negative" (R. 435), and there are no records of additional treatment related to the shoulder injury for the next five years. Also, Plaintiff improved sufficiently to perform part time work, and reported wages of over $8,000 in 2003 (R. 519).[1] By May 2003, Plaintiff had improved enough to be "working in a garden" (R. 432, 577), work which the VE characterized as heavy work (R. 584). Although Plaintiff sought treatment for other matters, the next significant medical record pertaining to her right shoulder was not until June 2008, when Plaintiff reported that the 2002 surgery "helped," but "recently" she was having increased pain (R. 313, 546). She underwent synovectomy and debridement of her shoulder in July 2008, and by September 2008, she reported "almost zero pain," had "no restrictions," and was released from care (R. 537). The Court finds no error in the evaluation of Dr. Greenspoon's opinion.

Plaintiff next contends that the ALJ erred in crediting the 2001 opinions of the non-examining state agency witnesses (R. 164-170, 194-200). The ALJ gave great weight to the opinions of the state agency consultants who opined that Plaintiff was capable of performing light work (R. 313). Plaintiff contends that this was error, in that these opinions predated the majority of the evidence, a treating physician's opinion is worth more than a non-examining consultant's opinion, and a non-examining consultant's opinion "taken alone, does not constitute sufficient evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990). The Court finds no error.

---

[1] In fact, Plaintiff's record shows reportable earnings in 2003, 2004, 2006, 2007 and 2008 (albeit, below substantial gainful activity levels) (R. 519-520).

While it is true that the opinions predate certain evidence, they do not predate the alleged onset of disability. To the extent they purport to reflect Plaintiff's condition at the time the opinions were issued, there is no error in considering the opinions as evidence of Plaintiff's condition at that time. Moreover, while Plaintiff correctly notes that a treating physician's opinion is generally entitled to more weight than a non-treating source, there is no conflicting treating source opinion for that time period. Indeed, in August 2001, Plaintiff's treating provider assessed her as much improved, with Plaintiff reporting "0"pain, and released her with no work restrictions (R. 184). Further, the opinions were not "taken alone," but are just one piece of evidence among many, set forth in a fully explained and supported decision.

Even assuming, without deciding, that the ALJ should not have considered this evidence, that does not necessarily warrant reversal or remand. As set forth above, the standard on review is whether the determination is supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, *even if the proof preponderates against it*." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (emphasis added). Thus, if substantial evidence other than the opinion of the state agency physicians supports the determination, the Court must affirm. The Court finds such to be the case here.

*The RFC*

Plaintiff next contends that the ALJ failed to consider all of her impairments in formulating the RFC, failed to consider the duties of her past work, and failed to consider all of her limitations in formulating the hypothetical to the VE.

Here, the ALJ detailed the medical and other evidence and concluded that Plaintiff retained the RFC for light work (R. 313). Plaintiff urges error in that the ALJ "failed to include or incorporate" her shoulder impairment, neck impairment, ankle impairment, and nonexertional impairments of headache, fatigue, obesity and blurred vision in the RFC finding (Plaintiff's brief at

-8-

16-17). To the extent Plaintiff appears to argue that an RFC must include mention of all impairments and credit all alleged symptoms, she is mistaken.

The RFC is based upon all of the relevant evidence of a claimant's remaining ability to do work despite his or her impairments. *Lewis, supra*, 125 F. 3d at 1440. The ALJ identified and discussed the evidence of Plaintiff's various impairments in his decision, including impairments of degenerative disc disease of the lumbar spine, right shoulder impingement syndrome and degenerative joint disease of the shoulder, diabetes mellitus, hypertension and obesity (R. 312). The ALJ also specifically mentioned and considered her headaches, neck pain and alleged blurry vision (R. 313-14). To the extent Plaintiff alleges limitations from these conditions, however, the ALJ found her complaints of disabling pain and limitations to be not credible (R. 314). Plaintiff does not challenge this credibility finding, and the Court finds it to be supported by substantial evidence.[2] As such, the RFC properly includes only those limitations the ALJ found to be supported on this record.

Plaintiff next contends that the ALJ erred in that he did not consider whether Plaintiff would be able to perform the duties of her past work with regard to her neck impairment, shoulder impairment or other non-exertional impairments. The ALJ must consider all of the duties of her past work and evaluate the claimant's ability to perform those duties in spite of the impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). Here, the ALJ formulated the RFC and relied on the testimony of a Vocational Expert as to the nature of the past work and whether claimant could

---

[2]The ALJ noted that examining physicians have consistently found Plaintiff to be neurologically intact, with no motor loss or sensory loss (R. 312). The ALJ also noted several inconsistencies in Plaintiff's testimony, and the fact that she had engaged in extensive work activity, including heavy work, after her onset date (R. 313-14). As Plaintiff noted in her testimony, no doctor has ever told her that she was unable to work (R. 470). Courts "have affirmed an ALJ's decision that a claimant's testimony as to the alleged levels of pain and symptoms he experienced was not credible where the allegations were inconsistent with activities of daily living, limited use of pain medication, and effectiveness of treatment." *Carter v. Commissioner of Social Sec.,* 411 Fed. Appx. 295, 297 (11th Cir. 2011) (unpublished), *citing Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002). The ALJ adequately set forth a reasoned rationale with specific record citation that supports the credibility findings. No error is shown.

still perform those duties (R. 314, 583-84). That testimony provides substantial evidence as to her ability to perform her past work.

Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985); *see also Dial v. Commissioner of Social Security*, 403 Fed.Appx. 420 (11th Cir. 2010) (per curiam) (unpublished), cited by Plaintiff. An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004). The ALJ here asked:

> Right. Okay. Let me just repeat a couple of hypotheticals that you already had. An individual with a 9th grade education, who's bilingual in Spanish and English; who's limited to light work; with no overhead reaching – would they be able to perform any of the prior work? (R. 584).

The hypothetical incorporates all of the limitations the ALJ found to be supportable here.

*The Appropriate Remedy*

Plaintiff contends that reversal for an award of benefits is the appropriate remedy here, and not remand, as "[w]here the Commissioner ignores or fails to properly refute the treating physician's opinion, it will be accepted as true as a matter of law. *MacGregor v. Bowen*, 786 F.2d 1050, 1058 (11th Cir. 1986)." As the Court finds the administrative decision is due to be affirmed, not reversed, the remedy suggested by Plaintiff is not appropriate. It is noted, however, that the citation to *MacGregor* is no longer persuasive in this context. *See Lawton v. Commissioner of Soc. Sec.,* 431 Fed. Appx. 830, 835 (11th Cir. 2011). As the Eleventh Circuit recently noted:

> We recognize that in *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986), this Court concluded that the Commissioner must accept as true a treating physician's opinion if the Commissioner ignored or failed to properly refute it. Our earlier precedent, however, remanded cases in which the ALJ failed to adequately explain the weight given doctors' opinions. *See, e.g., Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir.1985); *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir.1982). To the

> extent *MacGregor* is inconsistent, under the prior panel precedent rule, we are bound
> by the holding of the first panel to address an issue of law, unless and until it is
> overruled by this Court sitting en banc or the Supreme Court. *United States v. Steele*,
> 147 F.3d 1316, 1318 (11th Cir.1986) (en banc). Thus, rather than accept the ignored
> treating doctor's opinion as true and remand for the award of benefits, we remand to
> the agency to determine in the first instance the proper weight to be afforded the
> treating doctor's opinion.

*Dempsey v. Commissioner of Social Sec.*, No. 11-11434, 2011 WL 6032952, *4 (11th Cir. Dec. 5, 2011).[3]

A final note is in order. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that Plaintiff had challenges and difficulties and has prosecuted this matter through several years, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must recommend affirming the decision.

## Conclusion

For the reasons set forth above, it is **respectfully recommended** that the decision be **AFFIRMED.** Should this recommendation be adopted, the Clerk should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

---

[3]As an unpublished opinion of the Eleventh Circuit, *Dempsey* constitutes persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 20, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy