UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GISELLE M. GAGO COLON,

                Plaintiff,

-vs-                                                  Case No.  6:11-cv-406-Orl-31KRS

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

## ORDER

On April 20, 2012, Magistrate Judge Baker entered a Report and Recommendation (Doc. No. 20) recommending that this Court affirm the Commissioner of Social Security's decision denying the claims of the Plaintiff, Giselle M. Gago Colon, for Disability Insurance Benefits and Supplemental Security Income.  Plaintiff filed a timely objection (Doc. No. 21).  Based upon *de novo* review of the record and the Plaintiff's objections, the Court confirms and adopts the Report and Recommendation.[1]

**I. Jurisdiction**

Plaintiff having exhausted her administrative remedies, this Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).

_____

[1] The procedural and factual background of this case was set out in detail in the Report and Recommendation (Doc. No. 20) and will not be repeated here.

**II. Discussion**

Plaintiff raises two objections to the Report and Recommendation: first, she contends that the Administrative Law Judge ("ALJ") failed to comply with previous orders and a Social Security Regulation that required certain evaluations of the Plaintiff's obesity; and second, she contends that the ALJ erred in giving great weight to the opinions of state agency witnesses whose reports lacked signature pages.

*A. ALJ's Failure to Comply with this Court's Order*

Plaintiff's first objection is that the ALJ failed to properly evaluate her obesity in light of this Court's 2005 remand order (Tr. 322-331),[2] the Appeals Council's order (Tr. 334), and Social Security Regulation ("SSR") 02-1p.  (Doc. No. 21 p. 1).  Before Judge Baker, Plaintiff referred to the 2005 remand order but did not assert that the ALJ had fallen short in regard to the Appeals Council's order or the Social Security Regulation.

As a general rule, it is improper to present arguments on appeal to a district judge that were not first presented to the magistrate judge.  "[T]he magistrate judge system was created to help alleviate the workload of the district judges."  *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009).  To allow a litigant to present her case to the magistrate judge and then change her strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.  *See id.* at 1292 (quoting *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347,

---

[2] Social Security Transcript ("Tr.") entered as Doc. No. 15.

1348 (9th Cir.) (en banc)). Accordingly, a district court has discretion to decline to consider a party's argument when it was not first presented to the magistrate judge. *See id.*

In the instant case, the Court has the discretion to review the Plaintiff's arguments regarding the Appeals Council order and SSR 02-1p, but declines to consider them. Plaintiff had the opportunity to present these issues to the Magistrate and provides no explanation for her failure to do so. *See Williams*, 557 F.3d at 1292; *Fashaw v. Astrue*, No. 8:10 cv– 473– T– 27AEP, 2011 WL 1211455, at *1, *1-2 (M.D. Fla. March 31, 2011).

Plaintiff did previously argue that the ALJ did not comply with this Court's 2005 remand order, asserting that the ALJ "failed to evaluate whether obesity limits her ability to do basic work activities, and failed to include limitations from obesity in his [Residual Functional Capacity ("RFC")] assessment." (Doc. No. 18 p. 17). However, a review of the record demonstrates that the ALJ did evaluate Plaintiff's limitations due to her obesity. As discussed in the Report and Recommendation, the ALJ's RFC assessment properly included only those limitations that were found to be supported on this record. (Doc. No. 20 p. 9). The ALJ found obesity to be one of Plaintiff's several severe impairments, but he also found that to the extent that she alleged limitations from these conditions, her testimony was not credible. (Tr. 312-314). Thus, limitations from obesity were properly excluded from the RFC assessment.

Other evidence supports the ALJ's determination on this score. Ultimately, the RFC is based upon all of the relevant evidence of a claimant's remaining ability to do work despite his or her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Plaintiff worked in 2006, 2007, and 2008, earning roughly the same income as she had prior to the alleged onset date in 2001. (Tr. 314). At the time of the hearing, Plaintiff was collecting unemployment income,

thus representing herself as willing and able to work.  (Tr. 314).  The ALJ noted inconsistencies in

Plaintiff's testimony, consequently finding it not credible as to the intensity, persistence and

limiting affects of her symptoms and her ability to perform light work.  (Tr. 314).  This assessment

impliedly included the limiting affects of her obesity.

     *B. Missing Signatures*

     Plaintiff's second objection is that the ALJ erred in crediting the opinions of the state

agency witnesses, because their signature pages were missing from the Social Security Transcript.

(Tr. 171, 201).  Plaintiff raises the issue of the missing signatures for the first time in her

objection.  (Doc. No. 21 p. 4).  Again, though this Court has the discretion to review this

argument, it declines to do so, as Plaintiff has provided no explanation for her failure to present

this issue to Judge Baker.  *See Williams*, 557 F.3d at 1292; *Fashaw*, 2011 WL 1211455, at *1-2.

Furthermore, as discussed in the Report and Recommendation, even if the state agency witnesses'

opinions were to be discarded, substantial evidence would still support the ALJ's determination. (Doc. No. 20 p. 8).

**III. Conclusion**

For the reasons set forth above, it is

ORDERED that the Report and Recommendation (Doc. No. 20) is **CONFIRMED** and **ADOPTED**; the decision of the Commissioner is **AFFIRMED**.  The Clerk is directed to enter judgment in favor of the Commissioner and to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 6, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE